UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
Andarex Ltd.                                    :
                                                :    07-cv-05593 (UA)
                                                :
                            Plaintiff,          :    **COMPLAINT**
                                                :
        v.                                      :
                                                :
Republic of Argentina,                          :
                                                :
                            Defendant           :
------------------------------------------------------------x

Andarex Ltd., by its attorneys, for their Complaint alleges as follows:

## I.     PARTIES

1.      Andarex Ltd., a corporation organized under the laws of the British Virgin Islands, owns beneficial interests in six bonds ("the Bonds") subject to U.S. jurisdiction that were issued by Argentina but upon which the Republic of Argentina has refused to pay interest or principal, causing monetary damages to Plaintiff: (a) bonds with International Securities Identification Number ("ISIN") US040114BE93, maturity date of April 7, 2009, and coupon rate of 11.75 percent ("2009 Bond"); (b) bonds with ISIN US040114FC91, maturity date of March 15, 2010, and coupon rate of 11.375 percent ("2010 Bond"); (c) bonds with ISIN US040114GD65, maturity date of February 21, 2012, and coupon rate of 12.375 percent ("2012 Bond"); (d) bonds with ISIN US040114GA27, maturity date of June 15, 2015, and coupon rate of 11.75 percent ("2027 Bond"); (e) bonds with ISIN US040114AV28, maturity date of September 19, 2027, and coupon rate of 9.75 percent ("2028 Bond"); (f) bonds with ISIN US040114GH79, maturity date of June 19, 2031, and coupon rate of 12 percent ("2031 Bond").

2.      Defendant Argentina is a sovereign nation as defined in 28 U.S.C. § 1603(a).

## II.    JURISDICTION AND VENUE

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(f) and pursuant to certain contractual terms governing the Bonds.

- 1 -

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1330 and 1367. Because Argentina expressly waived sovereign immunity to permit jurisdiction in this Court for bonds issued under the Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), and because Plaintiff's Bonds were issued under the 1994 FAA, the Bonds are subject to the jurisdiction of this Court. *Lightwater Corporation Ltd. v. The Republic of Argentina*, 2003 U.S. Dist. LEXIS 6156, 02 Civ. 3804 (TPG), 2003 WL 1878420 (S.D.N.Y. April 14, 2003) (holding that 1994 FAA provides this Court with jurisdiction over bonds).

5. Section 22 of the 1994 FAA states that Argentina waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. Argentina satisfies the minimum contacts test for personal jurisdiction because the Bonds have been traded in New York. Thereby, "Argentina 'purposefully avail[ed] itself of the privilege of conducting activities within the [United States].'" *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 619 (1992).

6. Argentina appointed Banco de la Nación Argentina, 225 Park Avenue, New York, NY 10169, as its agent for service of process. *See* 1994 FAA § 22.

### III.    STATEMENT OF FACTS

7. As economic growth slowed in 1998, Argentina and its investment bankers sought retail investors to raise capital.

8. These retail investors included Plaintiff as well as hundreds of thousands of small investors in the United States and Europe. Argentina counted on the preference of these investors for fixed income investments.

9. From 1998 to 2001, Argentina issued roughly $88 billion in bonds, in aggregate, including bonds issued to Plaintiff and members of the class.

10. Plaintiff purchased roughly 300,000 U.S. Dollars worth of 2009 Bonds. Plaintiff still possesses all of these bonds or beneficial interests in these bonds.

11.     Plaintiff purchased roughly 900,000 U.S. Dollars worth of 2010 Bonds.  Plaintiff still possesses all of these bonds or beneficial interests in these bonds.

12.     Plaintiff purchased roughly 200,000 U.S. Dollars worth of 2012 Bonds from Argentina.  Plaintiff still possesses this bond or beneficial interests in this bond.

13.     Plaintiff purchased roughly 700,000 U.S. Dollars worth of 2015 Bonds from Argentina.  Plaintiff still possesses this bond or beneficial interests in this bond.

14.     Plaintiff purchased roughly 200,000 U.S. Dollars worth of 2027 Bonds from Argentina.  Plaintiff still possesses this bond or beneficial interests in this bond.

15.     Plaintiff purchased roughly 330,000 U.S. Dollars worth of 2031 Bonds from Argentina.  Plaintiff still possesses this bond or beneficial interests in this bond.

16.     The 2009 Bonds, 2010 Bonds, 2012 Bonds, 2015 Bonds, 2027 Bonds, and 2031 Bonds were all issued under, and are characterized as part of, the 1994 FAA, which therefore governs the Bonds.

17.     Pursuant to Section 22 of the 1994 FAA, Argentina (i) appointed Banco de la Nación Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.  1994 FAA § 22.

18.     Pursuant to Section 22 of the 1994 FAA, the following, *inter alia*, are defined as "Events of Default":

> (a)  Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or
>
> (d)  Moratorium: a moratorium on the payment of the principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

1994 FAA § 22.

19. Such a "default" has occurred in relation to Plaintiff's Bonds as well as other bonds issued by Argentina.

20. On December 23, 2001, in breach of its promise to pay principal and interest to Plaintiff, Argentina declared a default. This constitutes an "event of default" and a breach of the contractual promises made by Argentina.

21. Since its default, Argentina has steadfastly refused to pay on the 2009 Bonds, 2010 Bonds, 2012 Bonds, 2015 Bonds, 2027 Bonds, and 2031 Bonds, and Argentina has tried to force Plaintiff to accept a fraction of what they are due through inadequate settlement offers. *See e.g.* Michael Casey, ASIAN WALL ST. JOURNAL M7 (Feb. 22, 2005) ("Argentina has offered holders of its defaulted national bonds only 30 cents on the dollar – about half what other nations have offered when they defaulted – and stuck with that offer despite criticism that the country could afford to pay more. Rather than buckle, Argentina recently enacted a law prohibiting itself from ever making a new offer").

22. On or about April 25, 2002, Argentina issued a resolution officially postponing payment of debt to all investors, including Plaintiff, and Argentina has accordingly made no payments on its bonds.

23. In February 2005, the legislature of Argentina passed a law prohibiting the Republic from negotiating with bondholders seeking payment for their contractual claims. *See e.g.* Manuela Badaway, REUTERS NEWS (March 11, 2005) ("Argentina passed a law in February prohibiting the government from reopening the debt swap offer that expired on Feb. 25 and from negotiating other terms in any legal cases connected with the debt in question").

24. Defendant has a budget surplus of $40 billion, more than enough to pay the beneficial owners of the Bonds and other outstanding debt owed by Defendant.

25. Plaintiff held the 2009 Bonds, 2010 Bonds, 2012 Bonds, 2015 Bonds, 2027 Bonds, and 2031 Bonds or beneficial interests in these bonds on December 23, 2001, or

thereafter, and still holds the Bonds or beneficial interests in the Bonds. Accordingly, Plaintiff has been injured by Argentina's default.

## IV.    BREACH OF CONTRACT

26. Plaintiff brings this lawsuit against Argentina for breach of contractual obligations to Plaintiff.

27. Pursuant to the 1994 FAA and other documents setting forth the terms and conditions of the bonds, Argentina issued billions of U.S. Dollars worth of Bonds.

28. Pursuant to documents governing the Bonds that form the basis for this action, Argentina's failure to pay principal and interest when due and payable constitutes an "event of default" and breach of Argentina's contractual obligations.

29. On or about December 23, 2001, Argentina declared a moratorium on the payment of principal and interest with respect to all of its foreign debt. Since making that declaration, Argentina has failed to make any payment of principal or interest to Plaintiff.

30. Argentina's declaration of moratorium on payment of principal or interest constitutes an "event of default" and breach of Argentina's contractual obligations.

31. On or about April 25, 2002, Argentina issued a resolution officially postponing payment of debt to all investors, including Plaintiff, and Argentina has accordingly made no payments on its bonds.

32. Argentina's failure to pay principal and interest when due and payable constitutes a "default" and breach of Argentina's contractual obligations.

33. By reason of the foregoing, Argentina has breached its contractual obligations to Plaintiff, and, accordingly, Argentina is liable to Plaintiff for damages in an amount to be determined by the trier of fact.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

      A.      A judgment awarding compensation to Plaintiff for the damages that it has sustained as a result of Argentina's breaches of the agreement governing the 2009 Bonds, 2010 Bonds, 2012 Bonds, 2015 Bonds, 2027 Bonds, and 2031 Bonds;

      B.      A judgment awarding Plaintiff's reasonable attorneys' fees, experts' fees, interest and cost of suit; and

      C.      Such other and further relief as this Court may deem just.

DATED:      June 12, 2007
                  New York, New York

      By   /s/Andrea Boggio
           Andrea Boggio (AB-0564)
           Attorney at Law
           1150 Douglas Pike
           Smithfield, RI 02917
           Telephone: (646) 342-1577
           boggio@stanfordalumni.org

           Attorney for Andrarex Ltd.