UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANDRAREX LTD.,

                       Plaintiff,

      -against-

THE REPUBLIC OF ARGENTINA,

                       Defendant.

------------------------------------------------------------------X

07-cv-05593 (TPG)

**ANSWER**

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated June 12, 2007 (the "Complaint"), respectfully states as follows:

        1.     To the extent that Paragraph 1 of the Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, except admits that it issued bonds having ISIN US040114BE93, ISIN US040114FC91, ISIN US040114GD65, ISIN US040114GA27, ISIN US040114AV28 and ISIN US040114GH79.

        2.     Paragraph 2 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

        3.     Paragraph 3 of the Complaint constitutes conclusions of law as to which no responsive pleading is required. To the extent that Paragraph 3 of the Complaint purports to characterize the contents of written documents, which documents speaks for themselves, the Republic denies any characterizations inconsistent with the contents of the referenced documents and refers to the documents referenced in Paragraph 3 of the Complaint for their true and correct contents.

4. Paragraph 4 of the Complaint constitutes conclusions of law as to which no responsive pleading is required. To the extent that Paragraph 4 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, the Republic denies any characterizations inconsistent with the contents of the referenced document and refers to the Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA") for its true and correct contents.

5. To the extent that Paragraph 5 constitutes a conclusion of law, no responsive pleading is required. Paragraph 5 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies any characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 5 of the Complaint for its true and correct contents.

6. Paragraph 6 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies any characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 6 of the Complaint for its true and correct contents.

7. The Republic denies the allegations of Paragraph 7 of the Complaint.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it issued billions of dollars in principal amount of bonds from 1998-2001.

9. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, except admits that it issued billions of dollars in principal amount of bonds from 1998-2001.

10. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, except admits that it issued bonds having ISIN US040114BE93. The Republic otherwise denies the allegations of Paragraph 10 of the Complaint.

11. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, except admits that it issued bonds having ISIN US040114FC91. The Republic otherwise denies the allegations of Paragraph 11 of the Complaint.

12. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, except admits that it issued bonds having ISIN US040114GD65. The Republic otherwise denies the allegations of Paragraph 12 of the Complaint.

13. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, except admits that it issued bonds having ISIN US040114GA27. The Republic otherwise denies the allegations of Paragraph 13 of the Complaint.

14. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, except admits that it issued bonds having ISIN US040114AV28. The Republic otherwise denies the allegations of Paragraph 14 of the Complaint.

15. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, except admits that it issued

bonds having ISIN US040114GH79. The Republic otherwise denies the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint constitutes conclusions of law as to which no responsive pleading is required. To the extent that Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, the Republic denies any characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 16 of the Complaint for its true and correct contents.

17. Paragraph 17 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies any characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 17 of the Complaint for its true and correct contents.

18. Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies any characterizations or quotations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 18 of the Complaint for its true and correct contents.

19. Paragraph 19 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

20. To the extent that Paragraph 20 of the Complaint constitutes conclusions of law, no responsive pleading is required. To the extent that Paragraph 20 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, the Republic denies any characterizations inconsistent with contents of the referenced document and refers to the document referenced in Paragraph 20 of the Complaint for its true and correct contents. The Republic otherwise denies the allegations of Paragraph 20 of the Complaint.

21. The Republic denies the allegations of Paragraph 21 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt and that it conducted an exchange offer in 2005. To the extent that Paragraph 21 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, the Republic denies any characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 21 of the Complaint for its true and correct contents.

22. The Republic denies the allegations of Paragraph 22 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. To the extent that Paragraph 22 of the Complaint purports to characterize the contents of a written resolution, which resolution speaks for itself, the Republic denies any characterizations inconsistent with the contents of the referenced resolution and refers to the resolution referenced in Paragraph 22 of the Complaint for its true and correct contents.

23. To the extent that Paragraph 23 of the Complaint purports to characterize the contents of an Argentine law, which law speaks for itself, the Republic denies any characterizations inconsistent with the contents of the referenced law and refers to the law referenced in Paragraph 23 of the Complaint for its true and correct contents. Paragraph 23 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies any characterizations inconsistent with the contents of the referenced document and refers to the document referenced in Paragraph 23 of the Complaint for its true and correct contents.

24. The Republic denies the allegations of Paragraph 24 of the Complaint.

25. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 25 of the Complaint. To the extent that the second sentence of Paragraph 25 constitutes a conclusion of law, no responsive pleading is required.

26. Paragraph 26 of the Complaint purports to characterize the nature of the action brought, and accordingly no responsive pleading is required. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27. To the extent that Paragraph 27 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies any characterizations inconsistent with contents of the referenced documents and refers to the documents referenced in Paragraph 27 for their true and correct contents.

28. To the extent that Paragraph 28 of the Complaint constitutes conclusions of law, no responsive pleading is required. To the extent that Paragraph 28 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies any characterizations inconsistent with contents of the referenced documents and refers to the documents referenced in Paragraph 28 of the Complaint for their true and correct contents. The Republic otherwise denies the allegations of Paragraph 28 of the Complaint.

29. The Republic denies the allegations of Paragraph 29 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

30. Paragraph 30 of the Complaint constitutes conclusions of law as to which no responsive pleading is required. To the extent that Paragraph 30 of the Complaint purports to characterize the contents of written documents, which documents speaks for themselves, the Republic denies any characterizations inconsistent with the contents of the referenced documents and refers to the documents referenced in Paragraph 30 of the Complaint for their true and correct contents. The Republic otherwise denies the allegations of Paragraph 30 of the Complaint.

31. The Republic denies the allegations of Paragraph 31 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt. To the extent that Paragraph 31 of the Complaint purports to characterize the contents of Argentine Public Law No. 25,561, which law speaks for itself, the Republic denies any characterizations inconsistent with the contents of the referenced law and refers to the law referenced in Paragraph 31 of the Complaint for its true and correct contents.

32. Paragraph 32 of the Complaint constitutes conclusions of law as to which no responsive pleading is required. To the extent that Paragraph 32 of the Complaint purports to characterize the contents of written documents, which documents speaks for themselves, the Republic denies any characterizations inconsistent with the contents of the referenced documents and refers to the documents referenced in Paragraph 32 of the Complaint for their true and correct contents.

33. Paragraph 33 of the Complaint constitutes conclusions of law as to which no responsive pleading is required. To the extent that Paragraph 33 of the Complaint purports to characterize the contents of written documents, which documents speaks for themselves, the Republic denies any characterizations inconsistent with the contents of the referenced documents

and refers to the documents referenced in Paragraph 33 of the Complaint for their true and correct contents. The Republic otherwise denies the allegations of Paragraph 33 of the Complaint.

### First Affirmative Defense

34.  The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

35.  Plaintiff's claims are barred by the act of state doctrine.

### Third Affirmative Defense

36.  To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, plaintiff is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

37.  Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

38.  Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

39.  Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Seventh Affirmative Defense

40. Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the 1994 FAA.

### Eighth Affirmative Defense

41. Plaintiff's interest claims, if any, arising before June 12, 2002 are barred in part by the applicable statute of limitations/prescription period.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiff's claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 13, 2007

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Jonathan I. Blackman (JB 3846)
Carmine D. Boccuzzi (CB 2177)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina

TO: Andrea Boggio, Esq.
1150 Douglas Pike, Suite F
Smithfield, RI 02917

Attorney for Plaintiff

9