UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
Andrarex Ltd.,                                        :
                                                      :     07-cv-05593 (TPG)
                                   Plaintiff,          :
                                                      :     ECF CASE
            v.                                        :
                                                      :
Republic of Argentina,                                :
                                                      :
                                   Defendant          :
                                                      :
-------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR <u>SUMMARY JUDGMENT</u>

ANDREA BOGGIO (AB-0564)
Attorney at Law
1150 Douglas Pike
Smithfield, RI 02917
(646) 342-1577
boggio@stanfordalumni.org

*Attorney for Plaintiff*

# TABLE OF CONTENTS

**Page(s)**

Introduction ................................................................................................................1

I.     Preliminary Statement .....................................................................................1

II.    The Undisputed Facts ......................................................................................4

       A.     The Bonds ..............................................................................................4

       B.     Argentina's Default On The Bonds ........................................................4

       C.     Plaintiff's Proof of Ownership ...............................................................5

       D.     Concurrent Litigations Involving Argentina's Debt ...............................6

III.   Argument ........................................................................................................7

       POINT I: PLAINTIFF SHOULD BE AWARDED SUMMARY JUDGMENT .....................7

       A.     Andrarex is entitled to summary judgment ............................................7

              1.     Standard of Review ......................................................................7

              2.     Andrarex has established all material facts underlying its claim......................8

       B.     Argentina's Affirmative Defenses Are Without Merit ...........................10

              1.     The Failure To State A Claim Defense .........................................10

              2.     The Champerty Defense ..............................................................10

              3.     The Lack Of Good Faith Defense .................................................11

              4.     The "Unclean Hands" Defense .....................................................11

       POINT II: ARGENTINA'S DISCOVERY REQUESTS SHOULD BE STRICKEN ...........12

IV.    Conclusion ....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

*Cases*

*518 East 80th Street Co., LLC v. Smith*, 251 A.D.2d 215; 674 N.Y.S.2d 680; 1998 N.Y. App. Div. LEXIS 7706 (1st Dep't 1998)..................................................................................... 11

*Amoroso v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 45584 (S.D.N.Y. June 15, 2007) .......................................................................................................................... 3, 5, 8, 12

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................ 7

*Aniero Concrete Co., Inc. v. New York City Constr. Auth.*, No 94 Civ. 3506, 2000 U.S. Dist. LEXIS 8833 (S.D.N.Y. June 27, 2000) .................................................................... 11

*Applestein v. The Republic of Argentina*, 2003 U.S. Dist. LEXIS 20922 (S.D.N.Y. Nov. 19, 2003) ......................................................................................................................... 3, 5, 8, 12

*Botti v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 94721 (S.D.N.Y. Aug. 24, 2006) 3, 5, 8, 12

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................................... 7

*Cilli v. The Republic of Argentina*, Case No. 04-Civ-6594 (TPG) (March 28, 2006).................... 5

*EM Ltd. v. The Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003)........................................................................ 2, 6, 9, 10, 11, 12

*Etevob v. The Republic of Argentina*, 471 F. Supp. 2d 432 (S.D.N.Y. 2007) ................. 3, 5, 8, 12

*LeBlanc-Sternberg v. Fletcher*, 67 F. 3d 412 (2d Cir. 1995)......................................................... 8

*Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ. 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, (S.D.N.Y. April 14, 2003) ................... 2, 4, 5, 6, 9, 10, 11, 12

*Manufacturers Hanover Trust Co. v. Jayhawk Associates*, 766 F.Supp. 124 (S.D.N.Y. 1991)..... 9

*Mazoral v. The Republic of Argentina*, No. 04 Civ. 3313 (TPG)(S.D.N.Y. May 4, 2006) 2, 4, 5, 6, 10, 11, 12, 13

*Mazzini v. The Republic of Argentina*, No. 03 WL 743090 (TPG), 2005 WL 743090 (S.D.N.Y March 31, 2005)................................................................................... 6, 11, 12, 13

*Miller v. Forge Mench Partnership Ltd.*, 2001 WL 987922 (S.D.N.Y. 2001).............................. 9

*Moldes v. The Republic of Argentina*, No. 04 Civ. 6137 (TPG)(S.D.N.Y. May 4, 2006). 2, 4, 5, 6, 10, 11, 12, 13

*Morata v. The Republic of Argentina*, No. 04 Civ. 3314 (TPG)(S.D.N.Y. May 9, 2006)... 2, 4, 10, 11, 12, 13

*Murray v. National Broadcasting Co.*, 844 F.2d 988 (2d Cir.), cert. denied, 488 U.S. 955, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988) ........................................................................................ 7

*Pasquali v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 83242 (S.D.N.Y. Nov. 14, 2006) ........................................................................................................................................ 3, 5, 8, 12

*Prima v. The Republic of Argentina*, No. 04 Civ. 1077 (TPG)(S.D.N.Y. May 9, 2006 2, 4, 10, 11, 12, 13

*Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir. 1980) ............................. 7

*Rexnord Holdings. Inc. v. Bidermann*, 21 F.3d 522 (2d Cir. 1994) .............................................. 10

*Sauco v. The Republic of Argentina*, No. 05 Civ. 3955 (TPG)(S.D.N.Y. May 15, 2006)... 2, 4, 10, 11, 12, 13

*Teachers Insurance and Annuity Association of America v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 35531 (S.D.N.Y. May 11, 2007) ............................................................ 3, 5, 8, 12

*Tri-Ex. Enter v. Morgan Guar. Trust Co.*, 596 F. Supp. 1 (S.D.N.Y. 1982) ................................. 8

*Valley Nat. Bank v. Greenwich Ins. Co.,* 254 F.Supp.2d 448 (S.D.N.Y. 2003) ............................ 9

## INTRODUCTION

Plaintiff Andrarex Ltd. ("Andrarex"), by its attorneys, respectfully submits this memorandum of law, the Statement of Material Undisputed Facts Pursuant to Local Civil Rule 56.1, the Declaration of Sebastian E. Paniza P., made under penalty of perjury on December 7, 2007 (Paniza Decl.), Declaration of François De Szy and Hendrick Buesink in support of Plaintiff's Motion for Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, made under penalty of perjury on October 10, 2007 (De Szy and Buesink Decl.), and all attached exhibits, the Declaration of Andrea Boggio, made under penalty of perjury on December 18, 2007 (Boggio Decl.), and all attached exhibits, in support of its motion (i) pursuant to FRCP 56 for summary judgment on its complaint against the Republic of Argentina ("Argentina"); and (ii) to strike Defendant's First Request for the Production of Documents, dated January 8, 2007 (the "Requests") pursuant to Rule 26(c), 26(d) and 34(b) for the Federal Rules of Civil Procedure ("FRCP").[1]

This action seeks to recover the principal amount of $2,630,000.00, along with accrued and unpaid interest on bonds issued by Argentina, which Andrarex purchased and currently owns. As there are no disputed material issues of fact, this Court should grant Plaintiff's Motion for Summary Judgment.

## I.     PRELIMINARY STATEMENT

Andrarex is a corporation organized under the laws of the British Virgin Islands. *See* Paniza Decl. ¶ 3. Argentina is a sovereign nation as defined in 28 U.S.C. § 1603(a). Answer ¶ 2.

Andrarex owns the following bonds issued by the Republic of Argentina (the "Bonds") for a total $2.630,000 in face value: (a) a nominal amount of $300,000 of bonds with International Securities Identification Number ("ISIN") US040114BE93, maturity date of April 7, 2009, and coupon rate of 11.75 percent ("2009 Bond"); (b) a nominal amount of $900,000 of

---

[1]     True and correct copies of the Complaint, June 12, 2007 (the "Complaint" or "Compl."), the Answer to the Complaint, dated August 14, 2007 (the "Answer" or "Ans."), and the Requests are annexed to the Boggio Decl. as Exhibits C, D, and E respectively.

bonds with ISIN US040114FC91, maturity date of March 15, 2010, and coupon rate of 11.375 percent ("2010 Bond"); (c) a nominal amount of $200,000 of bonds with ISIN US040114GD65, maturity date of February 21, 2012, and coupon rate of 12.375 percent ("2012 Bond"); (d) a nominal amount of $700,000 of bonds with ISIN US040114GA27, maturity date of June 15, 2015, and coupon rate of 11.75 percent ("2015 Bond"); (e) a nominal amount of $200,000 of bonds with ISIN US040114AV28, maturity date of September 19, 2027, and coupon rate of 9.75 percent ("2027 Bond"); (f) a nominal amount of $330,000 of bonds with ISIN US040114GH79, maturity date of June 19, 2031, and coupon rate of 12 percent ("2031 Bond"), issued by Argentina pursuant to a master document called the Fiscal Agency Agreement dated October 19, 1994 (the "FAA") for a total of $2,630,000.00 in face value.  *See* De Szy and Buesink Decl. ¶¶ 5, 6.  The Bonds are now held at Clearstream Banking S.A., Account 53414 allocated to HSBC. *See* De Szy and Buesink Decl. ¶ 6, Ex. B (Clearstream Banking S.A.'s Blocking Certificates relating to account number 53414 (July 23-24, 2007)).

The obligations of Argentina with respect to the Bonds are "unconditional."  *See Mazoral v. The Republic of Argentina*, No. 04 Civ. 3313 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Mazoral* Decision"); *Moldes v. The Republic of Argentina*, No. 04 Civ. 6137 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Moldes* Decision"); *Prima v. The Republic of Argentina*, No. 04 Civ. 1077 (TPG)(S.D.N.Y. May 9, 2006 (the "*Prima* Decision"); *Morata v. The Republic of Argentina*, No. 04 Civ. 3314 (TPG), Slip Op. at 2 (S.D.N.Y. May 9, 2006) (the "*Morata* Decision"); *Sauco v. The Republic of Argentina*, No. 05 Civ. 3955 (TPG), Slip Op. at 2 (S.D.N.Y. May 15, 2006) (the "*Sauco* Decision"); *Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ. 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *4 (S.D.N.Y. April 14, 2003) (the "*Lightwater* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003) (the "*EML* Decision").

Commencing December 2001, Defendant admittedly failed to make interest payments when such became due, and has not cured the breach.  Answer ¶¶ 21, 22, 29, 31.

This Court has jurisdiction to grant Plaintiff's summary judgment.  *Amoroso v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 45584 (S.D.N.Y. June 15, 2007); *Teachers Insurance and Annuity Association of America v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 35531 (S.D.N.Y. May 11, 2007); *Etevob v. The Republic of Argentina*, 471 F. Supp. 2d 432 (S.D.N.Y. 2007); *Pasquali v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 83242 (S.D.N.Y. Nov. 14, 2006); *Botti v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 94721 (S.D.N.Y. Aug. 24, 2006); *Applestein v. The Republic of Argentina*, 2003 U.S. Dist. LEXIS 20922 (S.D.N.Y. Nov. 19, 2003).

In addition, in previous cases brought by bondholders owning interest in the bonds issued by Argentina under the FAA, this Court directed that, for purposes of summary judgment, a plaintiff needs only produce current statements or similar documents demonstrating current ownership of bond.  *Amoroso v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 45584 at *9-10; *Teachers Insurance and Annuity Association of America v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 35531 at *7-8; *Etevob*, 471 F. Supp. 2d 443; *Pasquali v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 83242 at *15-16; *Botti v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 94721 at *17-18; *Applestein v. The Republic of Argentina*, 2003 U.S. Dist. LEXIS 20922 at *6-7.  Such documents are attached to the Declaration of François De Szy and Hendrick Buesink in support of Plaintiff's Motion for Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.  *See* De Szy and Buesink Decl. Ex. A, B.

Accordingly, there are no genuine triable issues of fact and Plaintiff is entitled to summary judgment and the Requests should be stricken.

## II.     THE UNDISPUTED FACTS

### A.     The Bonds

Argentina issued the Bonds under the FAA.  *See* Boggio Decl. Ex. F.  In the FAA, Argentina expressly agreed (i) to submit to the jurisdiction of this Court; (ii) that service of process could be made on it by serving its agent, Banco de la Nación Argentina, 225 ParkAvenue, New York, NY 10169; (iii) to waive any claim to sovereign immunity; and (iv) that the FAA and the bonds issued pursuant thereto would be governed by and construed in accordance with the laws of the State of New York.  *See* Boggio Decl. Ex. F, §§ 22, 23.

Argentina further agreed that its failure to pay interest when due and/or the declaration of a moratorium on its payment obligations would constitute an event of default, entitling each bondholder to institute a lawsuit.  *See* Boggio Decl. Ex. F, § 12.

Section 12 of the FAA further provides that following either of the foregoing events of default, a note holder, *i.e.*, Plaintiff herein, may give Argentina written notice and declare the principal amount of such securities held by it to be due and payable immediately.  *See* Boggio Decl. Ex. F, § 12.

### B.     Argentina's Default On The Bonds

On or about December 24, 2001, Argentina defaulted on the Bonds when it "declared a moratorium on payments of principal and interest on [its] external debt," including all payments due to plaintiff.  *Mazoral* Decision at 1; *Moldes* Decision at 2; *Prima* Decision at 2; *Morata* Decision at 2; *Sauco* Decision at 2; *Lightwater* Decision at *2.  Since declaring moratorium, Argentina has further defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bonds here at issue.  In fact, Argentina concedes that "since December 2001 it has not paid interest or principal" in connection with bonds issued under the FAA.  Ans. at ¶¶ 21, 22, 29, 31.  As a result, Defendant owes the principal as well as the interest in the Bonds.

This Court has already determined that Argentina's obligation to pay these amounts is unconditional, and that Argentina's failure to do so constitutes event of default. *See Mazoral* Decision at 1; *Moldes* Decision at 2; *Lightwater* Decision at \*2.

By written notice to the Fiscal Agent sent in July 2007, Defendant has been advised that the entire principal amount of the relevant series of the Bonds is immediately due and payable. *See* Boggio Decl. Ex. B (Letter to Mr. Stanley Burg, dated July 3, 2007).

Andrarex commenced this action by filing a summons and Complaint with this Court on June 12, 2007.  Boggio Decl. Ex. C (Complaint).  On August 14, 2007, Defendant filed an Answer.  Boggio Decl. Ex. D (Answer).  On the same day, Defendant also mailed to Plaintiff's counsel the Requests.  Boggio Decl. Ex. E.

## C.     Plaintiff's Proof of Ownership

In previous cases brought by bondholders owning interest in bonds issued by Argentina under the FAA, this Court directed that, for purposes of summary judgment, a plaintiff needs only produce current statements or similar documents demonstrating current ownership of the Bonds. *Amoroso v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 45584 at \*9-10; *Teachers Insurance and Annuity Association of America v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 35531 at \*7-8; *Etevob*, 471 F. Supp. 2d 443; *Pasquali v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 83242 at \*15-16; *Botti v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 94721 at \*17-18; *Applestein v. The Republic of Argentina*, 2003 U.S. Dist. LEXIS 20922 at \*6-7. Moreover, Argentina agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. *See Cilli v. The Republic of Argentina,* Case No. 04-Civ-6594 (TPG) (March 28, 2006) (Hearing Transcript).

The documents demonstrating Plaintiff's current ownership, which are attached to the Declaration of François De Szy and Hendrick Buesink in support of Plaintiff's Motion for Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, De Szy and Buesink Decl. Ex. A, B, clearly demonstrate that:

(i)     Plaintiff owns a nominal amount of $2,630,000.00 on the Bonds as demonstrated by the HSBC Account Summary for period ending October 9, 2007. *See* De Szy and Buesink Decl. Ex. A (HSBC Account Summary for period ending October 9, 2007);

(ii)    The Bonds are held at Clearstream Banking S.A., for and through HSBC, on behalf of Andrarex and that, since July 24, 2007, the Bonds have been blocked for settlement. *See* De Szy and Buesink Decl. Ex. B.

These documents indisputably demonstrate Plaintiff's continued ownership of the Bonds.

**D.     Concurrent Litigations Involving Argentina's Debt**

In granting summary judgment in cases brought by bondholders owning interest in bonds issued by Argentina under the FAA, this Court rejected each of the defenses asserted by Argentina, including (i) champerty (as defined by N.Y. Jud. L. § 489 (McKinney 2003)); (ii) the Act of State Doctrine; (iii) abuse of rights; and (iv) lack of standing. *See, e.g., Mazzini v. The Republic of Argentina*, No. 03 WL 743090 (TPG), 2005 WL 743090, at *27-28 (S.D.N.Y March 31, 2005) (the "*Mazzini* Decision"); *Lightwater* Decision at *4-5; *EML* Decision at *4.

The Court denied Argentina's contention that with additional discovery it might possibly develop a set of facts showing that the Bonds were purchased primarily for the purpose of commencing a lawsuit in order to support a champerty defense. *Mazzini* Decision, at *27-28 ("discovery would not establish any set of facts which would establish a successful champerty defense [and t]he evidence is clear that plaintiffs bought their bonds with the intention of collecting on them, even though they clearly were aware that a lawsuit might be necessary."); *see, also, Lightwater* Decision at *4-5; *EML* Decision at *4. In addition, this Court rejected Argentina's abuse of rights defense, and Argentina conceded that that Act of State Doctrine was to a defense to Plaintiff' claims. *Lightwater* Decision at *5. Moreover, the Court first rejected and later recognized Argentina's waiver of the affirmative defense that plaintiff bondholder lack capacity to sue, provided the Court determines that Plaintiff, in fact, is the beneficial holder. *See Mazoral* Decision at 15, *Moldes* Decision at 21.

Thus, as this Court has already concluded, bondholder, such as Plaintiff, are entitled to summary judgment. There are no genuine issued of material fact with respect to Argentina's default. Nor are there any valid defenses. Accordingly summary judgment is warranted.

### III.    ARGUMENT

**POINT I: PLAINTIFF SHOULD BE AWARDED SUMMARY JUDGMENT**

**A.    Andrarex is entitled to summary judgment**

**1.    Standard of Review**

FRCP 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate if, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Murray v. National Broadcasting Co.*, 844 F.2d 988, 992 (2d Cir.), cert. denied, 488 U.S. 955, 109 S.Ct. 391, 102 L.Ed.2d 380 (1988)). The Supreme Court has held that the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-8. A dispute as to a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 258.

In determining how a reasonable jury would decide, the "mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the other party." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). As set forth below, there is no triable matter of fact with respect to Plaintiff's Motion, and Plaintiff is therefore entitled to summary judgment against Defendant.

### 2.     Andrarex has established all material facts underlying its claim

Argentina has been named defendant in several cases for the default of bonds issued under the FAA, which governs Andrarex's Bonds, *Amoroso v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 45584; *Teachers Insurance and Annuity Association of America v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 35531; *Etevob*, 471 F. Supp. 2d at 432; *Pasquali v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 83242; *Botti v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 94721; *Applestein v. The Republic of Argentina*, 2003 U.S. Dist. LEXIS 20922, and it is now collaterally estopped from raising the same issues again unless it shows a material factual difference.

For collateral estoppel to apply, four prerequisites must be satisfied: (1) the issues in both proceedings must be identical; (2) the issue must have been actually litigated and decided in the prior proceeding; (3) the non-moving party must have been given a full and fair opportunity to litigate the issue in the prior proceeding; and (4) the resolution of the issue must have been necessary to support a valid and final judgment on the merits. When defending itself in these cases, Argentina has had the opportunity to litigate all—and in fact has litigated many—issues herein, including questions of standing, liability, the fact of the moratorium, and Plaintiff's contractual rights to recover. The Court granted summary judgment against Defendant in all these cases. Accordingly, Plaintiff is entitled to the application of offensive collateral estoppel to foreclose Defendant "from relitigating an issue that [it has] litigated unsuccessfully in another action." *LeBlanc-Sternberg v. Fletcher*, 67 F. 3d 412, 433-34 (2d Cir. 1995) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979)), *cert. denied*, 518 U.S. 1017 (1996); *see also Tri-Ex. Enter v. Morgan Guar. Trust Co.*, 596 F. Supp. 1, 7 (S.D.N.Y. 1982) ("It is undisputed that a litigant who was not a party to the first action may assert collateral estoppel offensively in a subsequent proceeding against the party who lost the decided issue in the prior case"). Here, Argentina was a party in the prior proceedings, the issues sought to be precluded

are those actually decided with full and fair opportunity for Argentina to litigate them and, without deciding them, the Court would not have issued judgment.

However, even if this Court were willing to permit Argentina to relitigate, summary judgment is nevertheless warranted. Plaintiff has proven both of the elements of a prima facie case for summary judgment. A cause of action for non-payment of a debt instrument consists of the following, essential elements: proof of the existence of the instruments in question; and non-payment according to their terms. *See, e.g., Valley Nat. Bank v. Greenwich Ins. Co.,* 254 F.Supp.2d 448, 453 (S.D.N.Y. 2003) ("In cases involving notes and guaranties, this Court has held that 'a plaintiff establishes its *prima facie* entitlement to summary judgment by establishing the execution of the agreements at issue and nonpayment thereunder.'"), *quoting Orix Credit Alliance v. Bell Realty*, 1995 WL 505891 *3 (S.D.N.Y. 1995); *Miller v. Forge Mench Partnership Ltd.*, 2001 WL 987922 *3 (S.D.N.Y. 2001); *Manufacturers Hanover Trust Co. v. Jayhawk Associates*, 766 F.Supp. 124, 125 (S.D.N.Y. 1991).

In the instant case, Defendant agreed to make periodic interest payments and to redeem the Bonds on or after April 7, 2009 for the 2009 Bond, March 15, 2010 for the 2010 Bond, February 21, 2012 for the 2012 Bond, June 15, 2015 for the 2015 Bond, September 19, 2027 for the 2027 Bond, and June 19, 2031 for the 2031 Bond. *See* De Szy and Buesink Decl. Ex. 1. Andrarex gave notice to the Fiscal Agent and declared the Bonds to be immediately due and payable. *See See* Boggio Decl. Ex. B (Letter to Mr. Stanley Burg, dated July 3, 2007). Furthermore, on December 23, 2001, in breach of its promise to pay principal and interest to Andrarex, Argentina declared a default and a moratorium on the payment of all principal and interest with respect to its foreign debt, including but not limited to all payments due under any of the Bonds. Boggio Decl. Ex. A; *see also Lightwater* Decision at *1; *EML* Decision at *2.. Argentina has admitted that since 2001 it has paid no interest or principal on the Bonds or other non-performing debt. Answer ¶¶ 21, 22, 29, 31. Finally, Defendant has admitted issuing the Bonds held by Andrarex. Answer ¶¶ 1, 10, 11, 12, 13, 14, 15. Accordingly, Andrarex set forth a

claim for non-payment of the Bonds. *See* Boggio Decl. Ex. B (Letter to Mr. Stanley Burg, dated July 3, 2007). Argentina has breached its contractual obligations to Plaintiff, and, accordingly, Argentina is liable to Plaintiff for damages. *See* Boggio Decl. Ex. C, ¶ 33. Accordingly, Plaintiff has proven both of the elements of a prima facie case for summary judgment.

**B.    Argentina's Affirmative Defenses Are Without Merit**

Argentina asserts the following affirmative defenses: (i) failure to state a claim; (ii) the Act of State Doctrine; (iii) lack of good faith in commencing and prosecuting this action; (iv) unclean hands; (v) abuse of rights; (vi) champerty (as defined by N.Y. Jud. L. § 489 (McKinney 2003)); and (vii) lack of standing and/or capacity to sue. However, as Argentina concedes, its Second and Fifth Affirmative Defenses fail, because those defenses have already need rejected by this Court. *See* Ans. at p.8 n.1; *see also Lightwater* Decision at *5-6; *EML* Decision at *4 (both overruling Argentina's affirmative defenses of international comity, the Act of State Doctrine and abuse of rights). Furthermore, the Court recognized that Argentina agreed to waive the affirmative defense that plaintiff bondholders lack capacity to sue, provided the Court determines that plaintiffs, in fact, are beneficial holders. *See Mazoral* Decision at 15; *Moldes* Decision at 21; *Prima* Decision at 95; *Morata* Decision at 119; *Sauco* Decision at 14. None of Argentina's remaining defenses shield it from liability either.

**1.    The Failure To State A Claim Defense**

Argentina's First Affirmative Defense for failure to state a claim is unavailing. Certainly, plaintiff has alleged all the requisite elements under New York law for a claim of breach of contract, including the existence of the contract, its own performance, Argentina's breach, and damages. *See Rexnord Holdings. Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994).

**2.    The Champerty Defense**

The champerty defense on Section 489 of the Judiciary Law has similarly been rejected by this Court, as conceded by Argentina in its Answer. *See* Ans. at p.8 n.1. Indeed, in the present case, there is nothing other than a normal investment purpose. In *Lightwater*, this Court

concluded that "where a bond is purchased with the intent to collect by to collect on that bond, the statute is not violated even though there is an intention to collect by lawsuit if necessary." *Lightwater* Decision at *4; *EML* Decision at *3.  Most recently, this defense and the request to seek discovery with respect to this defense were rejected by this Court.  *See Mazzini* Decision, at *3-4*see also Mazoral* Decision at 15; *Moldes* Decision at 21; *Prima* Decision at 95; *Morata* Decision at 121; *Sauco* Decision at 15.

### 3.    The Lack Of Good Faith Defense

In its Third Affirmative Defense, Argentina argues that "[t]o the extent plaintiff is not acting in good faith in commencing and prosecuting this action, plaintiff is barred from enforcing any rights it may otherwise have".  *See* Ans. at p.8.  This defense for lack of good faith is no more than a restatement of the champerty defense.  Plaintiff acquired a beneficial interest in the Bonds "with the intent to collect by to collect on that bond".  *Lightwater* Decision at *4; *EML* Decision at *3.  Therefore, this defense is without merit.

### 4.    The "Unclean Hands" Defense

Argentina's defense of 'unclean hands" also fails as a matter of law, because it is not available in an action seeking money damages.  *See, e.g., Aniero Concrete Co., Inc. v. New York City Constr. Auth.*, No 94 Civ. 3506, 2000 U.S. Dist. LEXIS 8833, at *31 (S.D.N.Y. June 27, 2000) ("unclean hands is an 'equitable defense to equitable claims,' not to actions at law which seek money damages") (citation omitted); *518 East 80th Street Co., LLC v. Smith*, 251 A.D.2d 215; 674 N.Y.S.2d 680; 1998 N.Y. App. Div. LEXIS 7706 (1st Dep't 1998) (tenant's affirmative defense of unclean hands, based on allegations of breach of lease and the landlord's states desire to evict, was an equitable one that could not be asserted against the landlord's causes of action for rent arrears and legal fees).  This defense must also be rejected as a matter of fact, because under the unambiguous terms of the FAA, Plaintiff is entitled to payments of principal and interest that are due and payable immediately.  *See* Boggio Decl. Ex. F, § 12.

**POINT II: ARGENTINA'S DISCOVERY REQUESTS SHOULD BE STRICKEN**

As the foregoing illustrates, Argentina's Requests should be stricken pursuant to FRCP 26(c), 26(d), and 34(b).  In similar bondholder cases, this Court has narrowed the types of documents that plaintiffs are obligated to produce to demonstrate their ownership of beneficial interest in bonds issued under the FAA.  *Amoroso v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 45584 at *9-10; *Teachers Insurance and Annuity Association of America v. The Republic of Argentina*, 2007 U.S. Dist. LEXIS 35531 at *7-8; *Etevob*, 471 F. Supp. 2d 443; *Pasquali v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 83242 at *15-16; *Botti v. The Republic of Argentina*, 2006 U.S. Dist. LEXIS 94721 at *17-18; *Applestein v. The Republic of Argentina*, 2003 U.S. Dist. LEXIS 20922 at *6-7.[2]

Notwithstanding, Argentina seeks documents in the Requests that are beyond those prescribed by the Court.  Specifically, the Requests seek the following:

> [a]ll confirmations and account statements concerning [plaintiff's] purchase or acquisition of Republic bonds.  If [plaintiff] acquired Republic Bonds at any time prior to December 2001, all confirmations and account statements establishing proof of beneficial ownership as of December 2001.  Boggio Decl. Ex. E, at 3.

The Request is clearly far broader than what this Court has held to be sufficient to demonstrate Plaintiff's ownership of the Bonds.  Accordingly, and for this reason alone, the Requests should be stricken.

Moreover, Argentina has offered no rationale for why such broad discovery had any relevance to the question of whether Plaintiff owns the Bonds on which it has sued.  Indeed, when faced with virtually identical requests in related proceedings, this Court summarily denied the requests.  *See Mazoral* Decision at 16; *Moldes* Decision at 22; *Prima* Decision at 95; *Morata* Decision at 121; *Sauco* Decision at 15; *Mazzini* Decision, at *3-4; *Lightwater* Decision at *4; *EML* Decision at *2.  Likewise here there Requests should be stricken.

---

[2] Such documents are attached to the Declaration of François De Szy and Hendrick Buesink.  See De Szy and Buesink Decl. Ex. A, B.

Finally, Argentina's discovery requests seek discovery with respect to the champerty defense. As set forth above, this Court repeatedly rejected that defense. *See Mazoral* Decision at 15; *Moldes* Decision at 21; *Prima* Decision at 95; *Morata* Decision at 121; *Sauco* Decision at 15; *Mazzini* Decision, at *3-4. Accordingly, the Court should not allow Argentina to delay these proceedings by permitting it to take the baseless discovery it now seeks.

### IV.    CONCLUSION

For the reasons set forth above, Andrarex respectfully requests that the Court issue an order pursuant to FRCP 56 granting Plaintiff's Motion for Summary Judgment in the principal amount of $2,630,000.00 along with accrued and unpaid interest, costs, and disbursements, and such other relief that the Court deems just and proper.

DATED:  December 18, 2007
        New York, New York

By    /s/ Andrea Boggio
    Andrea Boggio (AB-0564)
    Attorney at Law
    1150 Douglas Pike
    Smithfield, RI 02917
    Telephone:  (646) 342-1577
    boggio@stanfordalumni.org

    *Attorney for Andrarex Ltd.*

- 13 -