UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
Andrarex Ltd.,                                              :
                                                            :   07-cv-05593 (TPG)
                              Plaintiff,                    :
                                                            :   ECF CASE
      v.                                                    :
                                                            :
Republic of Argentina,                                      :
                                                            :
                              Defendant                     :
                                                            :
------------------------------------------------------------x
```

**PLAINTIFF'S STATEMENT OF MATERIAL
UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

### I.   INTRODUCTION

Pursuant to Local Rule 56.1, Plaintiff Andrarex Ltd. ("Andrarex"), by its attorneys, in support of its motion pursuant to Fed. R. Civ. P. 56 for summary judgment on its complaint against the Republic of Argentina, hereby respectfully submits the following Statement of Material Undisputed Facts as to which there is no genuine issue to be tried:

1. Andrarex is a corporation organized under the laws of the British Virgin Islands. *See* Declaration of Sebastian E. Paniza P., made under penalty of perjury on December 7, 2007 (Paniza Decl.) at ¶ 3.

2. Andrarex filed a complaint on June 12, 2007. *See* Declaration of Andrea Boggio in Support of Plaintiff's Motion for Summary Judgment, dated December 18, 2007 ("Boggio Decl.") Ex. C (Complaint).

3. Argentina is a sovereign nation as defined in 28 U.S.C. § 1603(a). Answer ¶ 2. Argentina filed an Answer to the complaint on August 14, 2007. Boggio Decl. Ex. D (Answer).

4. Plaintiff owns the following bonds issued by the Republic of Argentina (the "Bonds") for a total $2.630,000 in face value: (a) a nominal amount of $300,000

      of bonds with International Securities Identification Number ("ISIN") US040114BE93, maturity date of April 7, 2009, and coupon rate of 11.75 percent ("2009 Bond"); (b) a nominal amount of $900,000 of bonds with ISIN US040114FC91, maturity date of March 15, 2010, and coupon rate of 11.375 percent ("2010 Bond"); (c) a nominal amount of $200,000 of bonds with ISIN US040114GD65, maturity date of February 21, 2012, and coupon rate of 12.375 percent ("2012 Bond"); (d) a nominal amount of $700,000 of bonds with ISIN US040114GA27, maturity date of June 15, 2015, and coupon rate of 11.75 percent ("2015 Bond"); (e) a nominal amount of $200,000 of bonds with ISIN US040114AV28, maturity date of September 19, 2027, and coupon rate of 9.75 percent ("2027 Bond"); (f) a nominal amount of $330,000 of bonds with ISIN US040114GH79, maturity date of June 19, 2031, and coupon rate of 12 percent ("2031 Bond").  *See* Declaration of François De Szy and Hendrick Buesink in support of Plaintiff's Motion for Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, made under penalty of perjury on October 10, 2007 (De Szy and Buesink Decl.) Ex. 1 (HSBC Account Summary for period ending October 9, 2007).

5. Plaintiff's Bonds were issued under the Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA").  Answer ¶ 10; Boggio Decl. Ex. F (Fiscal Agency Agreement dated October 19, 1994).

6. Section 22 of the 1994 FAA states that Argentina waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York.  Boggio Decl. Ex. F, § 22.  Argentina declared that any action based on these securities "may be instituted in any state or federal court in the City of New York and expressly accepts the jurisdiction of any such court in respect of such action."  *Id*.  Argentina irrevocably and expressly waiver and

agreed "not to plead any immunity from the jurisdiction of any such court to which it might otherwise be entitled." *Id.* Even though unambiguous, Argentina clarified that "any immunity" includes, and has not been limited to, sovereign immunity and immunity pre-judgment attachment, post-judgment attachment and execution. *Id.* Thus, pursuant to Section 22 of the 1994 FAA, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1330 and 1367 and venue is proper in the Southern District of New York. Boggio Decl. Ex. F, § 22; *Fontana v. Republic of Argentina*, 415 F.3d 238, 239 (2d Cir. 2005) ("Argentina 'expressly accept[ed] the jurisdiction' of 'any state or federal court in the City of New York' for 'any action arising out of or based on the Securities or this Agreement by the holder of any Security'").

7. The laws of the State of New York govern. Boggio Decl. Ex. F, § 23; *Fontana*, 415 F.3d at 238.

8. Argentina appointed Banco de la Nación Argentina, 225 Park Avenue, New York, NY 10169, as its agent for service of process. Boggio Decl. Ex. F, § 12.

9. The Bonds are now held at Clearstream Banking S.A., Account 53414 allocated to HSBC. De Szy and Buesink Decl. Ex. B (Clearstream Banking S.A.'s Blocking Certificates relating to account number 53414 (July 23-24, 2007)).

10. Plaintiff's Bonds are blocked from settlement as of July 24, 2007. De Szy and Buesink Decl. Ex. B.

11. Argentina failed to make the principal payments and interest payments, if any, on the Bonds since December 2001. Answer ¶¶ 21, 22, 29, 31.

12. Argentina defaulted 30 days thereafter in any Series in that it failed to make any payment of principal or interest on this series of debt securities. Boggio Decl. Ex. F, § 12.

13. On December 23, 2001, in breach of its promise to pay principal and interest to Plaintiff, Argentina declared a default. *See Mazoral v. The Republic of Argentina*, No. 04 Civ. 3313 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Mazoral* Decision"); *Moldes v. The Republic of Argentina*, No. 04 Civ. 6137 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Moldes* Decision"); *Prima v. The Republic of Argentina*, No. 04 Civ. 1077 (TPG), Slip Op. at 2 (S.D.N.Y. May 9, 2006) (the "*Prima* Decision"); *Morata v. The Republic of Argentina*, No. 04 Civ. 3314 (TPG), Slip Op. at 2 (S.D.N.Y. May 9, 2006) (the "*Morata* Decision"); *Sauco v. The Republic of Argentina*, No. 05 Civ. 3955 (TPG), Slip Op. at 2 (S.D.N.Y. May 15, 2006) (the "*Sauco* Decision"); *Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ. 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *4 (S.D.N.Y. April 14, 2003) (the "*Lightwater* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003) (the "*EML* Decision"). This constitutes an "event of default" and a breach of the contractual promises made by Argentina. *See Mazoral* Decision at 1 (finding that the Court has jurisdiction and that bondholder plaintiffs have a unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1994 FAA, among others); *Lightwater* Decision at *4 (finding Argentina's obligation unconditional after it had defaulted and bondholder plaintiffs had accelerated on bonds issued under the 1994 FAA).

14. In case of default by non-payment of interest, "each holder of Securities of such series … may … declare the principal amount of Securities of such series held by it to be due and payable immediately." Boggio Decl. Ex. F, § 12.

15. In previous litigation over bonds issued under the 1994 FAA, Argentina has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. *See Cilli v. Republic of Argentina,* Case No. 04-

Civ-6594 (TPG) (S.D.N.Y. March 28, 2006) (Hearing Transcript); *Meridian Investments & Business Corporation v. Republic of Argentina,* Case No. 05-Civ-5197 (TPG) 2007 U.S. Dist. LEXIS 51387 (S.D.N.Y. July 12, 2007); *Franco et al v. The Republic of Argentina,* Case No. 03-Civ-09537 (TPG) 2007 U.S. Dist. LEXIS 51389 (S.D.N.Y. July 12, 2007).

16. No part of this debt has been paid. Paniza Decl. at 4, 5.

17. Plaintiff, by its attorney, provided Argentina with written notice that it was declaring principal and interest owed to Plaintiff to be immediately due and payable. *See* Boggio Decl. Ex. B (Letter to Mr. Stanley Burg, dated July 3, 2007).

DATED:  December 18, 2007
         New York, New York

By   /s/ Andrea Boggio
Andrea Boggio (AB-0564)
Attorney at Law
1150 Douglas Pike
Smithfield, RI 02917
Telephone:  (646) 342-1577
boggio@stanfordalumni.org

*Attorney for Andrarex Ltd.*

TO:   Carmine Boccuzzi
      Cleary Gottlieb Steen & Hamilton LLP
      One Liberty Plaza
      New York, NY  10006
      (212) 225-2000

      *Attorney for Defendant*